UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
LOUIS DOSSOUS,

                      Plaintiff,                  **MEMORANDUM & ORDER**
                                                                                              19-CV-3098 (MKB)
          v.

NYC HEALTH & HOSPITALS,

                      Defendant.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Louis Dossous, proceeding *pro se*, commenced the above-captioned action on May 23, 2019, against Defendant the New York City Health and Hospitals Corporation, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA").[1] (Compl., Docket Entry No. 1.) Plaintiff asserts that Defendant, his former employer, declined to accommodate his disability (a back injury) by, *inter alia*, terminating his employment and declining to re-hire him after a medical examination. (*Id.* at 4–10.) He also alleges that Defendant declined to promote him, retaliated against him, and subjected him to unequal terms of employment. (*Id.* at 5.)

      Defendant moves to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Def.'s Mot. to Dismiss, Docket Entry No. 13; Def.'s Mem. in Supp. of Def.'s Mot. ("Def.'s Mem."), Docket Entry No. 14; Decl. in Supp. of Def.'s Mot., Docket Entry No. 15.) Plaintiff opposes the motion to dismiss. (Pl.'s Mem. in Opp'n to Def.'s Mot. ("Pl.'s Opp'n"), Docket Entry No. 17.) For the

---

[1] On September 3, 2019, the Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Order dated Sept. 3, 2019, Docket Entry No. 4.)

reasons explained below, the Court denies in part and grants in part the motion to dismiss. Plaintiff may proceed with his discrimination claim based on his termination.

**I. Background**

The Court assumes the truth of the factual allegations in the Complaint and Plaintiff's opposition for the purposes of this Memorandum and Order. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (finding that district courts may consider factual allegations made by a *pro se* party in his papers opposing a motion to dismiss).

Plaintiff alleges that Defendant, his former employer, failed to provide reasonable accommodations for his disability both before and after he hurt his back. (Compl. 5.) Defendant had ignored his request for accommodations, which caused him to become reinjured, exacerbated his existing "psychiatric symptoms," and caused new ones. (*Id.* at 4.) Defendant had "never been committed" to accommodating his disability and providing him with an equal opportunity to work. Instead, Defendant's "choice was to discriminate against [his] disability before and after [he] injured [his] lower back twice at work." (*Id.* at 5.)

On August 21, 2018, Plaintiff filed a complaint with the New York State Division of Human Rights (the "NYSDHR"), which, in a determination attached to the Complaint, found no probable cause to believe that Defendant discriminated against Plaintiff.[2] (*Id.* at 9–11.) Plaintiff told the NYSDHR that he was a patient care technician until he injured his back at work in May of 2007 and Defendant placed him on Workers' Compensation leave. (*Id.*) Then, in August of

---

[2] The Court considers the NYSDHR determination that Plaintiff attached to the Complaint. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230–31 (2d Cir. 2016) (holding that on a motion to dismiss, courts may consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference" and other documents "integral" to the complaint (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002))).

2

2018, Defendant denied him reinstatement because of his age and preexisting back injury.[3]  (*Id.* at 9.)  Defendant told the NYSDHR that Plaintiff was separated from employment because a medical examination revealed that he could not perform the essential functions of his job.  (*Id.* at 9–10.)  The Equal Employment Opportunity Commission adopted the findings of the NYSDHR and provided Plaintiff with a right to sue letter dated May 15, 2019.  (*Id.* at 6, 8 (Right to Sue Letter, Docket Entry No. 1.)).

Plaintiff seeks $500,000 in compensatory and punitive damages, as well as reinstatement to his position.  (*Id.* at 6.)

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6), a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all

---

[3] The Court accepts Plaintiff's version of the facts as true in evaluating this motion to dismiss.  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  The Court notes, however, that Defendant asserts that it released Plaintiff from his position after one year and Plaintiff sought reinstatement (Def.'s Mem. 5), while the Complaint can be construed as stating that Plaintiff was on disability leave until he sought reinstatement in 2018.

allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

### b. Plaintiff's ADA claims

In a form complaint, Plaintiff checks boxes indicating that he is bringing a claim under the ADA and that the discriminatory conduct he complains of consists of (1) termination of his employment, (2) failure to promote him, (3) failure to accommodate his disability, (4) unequal terms and conditions of employment, and (5) retaliation. (Compl. 3–4.) He also alleges that Defendant is still committing these wrongful acts against him. (*Id.* at 5.)

Defendant argues that Plaintiff was legitimately terminated from his position and is not entitled to reinstatement under section 71 of the Civil Service Law because he had admitted during a medical examination that he could not perform his position even with accommodations. (Def.'s Mem. 4–7.)

For the reasons explained below, the Court finds that Plaintiff has sufficiently alleged discrimination based on his termination but has failed to allege claims of failure to promote, unequal terms and conditions of employment, and retaliation.

ADA employment discrimination claims are assessed using the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 71 (2d Cir. 2019); *Burke v. N.Y.C. Transit Auth.*, 758 F. App'x 192, 194 (2d Cir. 2019) (applying the burden-shifting framework to

analyze the plaintiff's ADA employment discrimination claim); *Littlejohn v. City of N.Y.*, 795 F.3d 297, 307–09 (2d Cir. 2015) (discussing burden-shifting) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)); *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (applying *McDonnell Douglas* framework to ADA discrimination claim). Under the framework, a plaintiff must first establish a prima facie case of discrimination by showing that: "(1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by her employer; (3) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because of her disability." *Davis*, 804 F.3d at 235; *Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 21 (2d Cir. 2015).

If the plaintiff meets this "minimal" burden, *Holcomb v. Iona College*, 521 F.3d 130, 139 (2d Cir. 2008) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993)), a "temporary 'presumption'" of discrimination arises, and the burden shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for the challenged conduct, *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (quoting *Littlejohn*, 795 F.3d at 307). If the defendant-employer articulates such a reason, the burden shifts back to the plaintiff to show that the defendant-employer's reason was pretext for the discrimination. *Id.* at 83.

At the pleading stage, however, "the plaintiff does not need substantial evidence of discriminatory intent," and need only "sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation." *Littlejohn*, 795 F.3d at 311; *see also Burke*, 758 F. App'x at 194 (holding that to state an ADA employment discrimination claim, "a plaintiff must allege an adverse employment action that occurred under circumstances giving rise to an inference of discrimination"); *Vega*, 801 F.3d at 87 ("[A] plaintiff must allege that the employer

5

took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."). "[A] plaintiff 'need only give plausible support to a minimal inference of discriminatory motivation.'" *Id.* at 84 (quoting *Littlejohn*, 795 F.3d at 311)).

However, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to 'nudge its claims . . . across the line from conceivable to plausible' to proceed." *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (alterations and citations omitted) (quoting *Iqbal*, 556 U.S. at 680); *see also Giambattista v. Am. Airlines, Inc.*, 584 F. App'x 23, 25 (2d Cir. 2014) ("To state a claim for discrimination under the ADA, a plaintiff must allege facts which plausibly suggest, inter alia, that she 'suffered [an] adverse employment action because of [her] disability.'" (alterations in original) (quoting *Giordano v. City of N.Y.*, 274 F.3d 740, 747 (2d Cir. 2001))). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

### i. Plaintiff has plausibly alleged an ADA discrimination claim based on his termination

Defendant is an employer subject to the ADA, satisfying the first element of a prima facie case, *see Giordano*, 274 F.3d at 747, and Plaintiff alleges that Defendant perceived him to be disabled, (Compl. 5), thereby satisfying the second element. *See Alleyne v. NAACP Legal Def. & Educ. Fund, Inc.*, No. 14-CV-6675, 2015 WL 6869731, at *7 (E.D.N.Y. Nov. 6, 2015) ("Even absent an actual or recorded disability, an employee is still disabled if the employee is 'regarded as having such an impairment.'" (quoting 42 U.S.C. § 12102)).

6

In addition, Plaintiff alleges that Defendant engaged in an adverse employment action when it terminated him. *See Davis*, 804 F.3d at 235 ("[A]dverse employment action" means a "materially adverse" change in "the terms and conditions of employment." (quoting *Sanders v. N.Y.C. Hum. Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004)); *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) ("Examples of materially adverse changes include 'termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation.'" (quoting *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000))); *see also Robinson v. Dibble*, 613 F. App'x 9, 12 (2d Cir. 2015) (termination of employment).

Moreover, Plaintiff alleges that he was terminated as a result of his back injury, and that Defendant refused to provide any accommodation at work.[4] *See Howard v. MTA Metro-N. Commuter R.R.*, 866 F. Supp. 2d 196, 204 (S.D.N.Y. 2011) (noting that inference of discrimination "is a 'flexible [standard] that can be satisfied differently in differing factual scenarios.'" (quoting *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 91 (2d Cir. 1996)); *Littlejohn*, 795 F.3d at 311 ("The facts required . . . to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motive."); *Opoku v. Brega*, No. 15-CV-2213, 2016 WL 5720807, at *5 (S.D.N.Y. Sept. 30, 2016) ("Courts making the plausibility determination should do so 'mindful of the

---

[4] The Court acknowledges that Plaintiff, in his opposition, alleges that he "neither resigned nor formally received a letter of termination from [D]efendant," and has "never been legally separated from his job." (Pl.'s Opp'n 4.) However, Plaintiff articulates that, at minimum, he faces imminent separation from his job because of Defendant's medical exam. (*Id.* at 2.)

7

elusive nature of intentional discrimination' and the concomitant frequency by which [the] plaintiffs must 'rely on bits and pieces of information to support an inference of discrimination, i.e., a "mosaic" of intentional discrimination.'" (quoting *Vega*, 801 F.3d at 86). Although brief, these allegations meet Plaintiff's "minimal" burden at the pleading stage as to his discrimination claim based on his termination. *Holcomb*, 521 F.3d at 139 (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 506).

Accordingly, Plaintiff has sufficiently alleged a discrimination claim based on his termination.

### ii. Plaintiff fails to allege claims for failure to promote, unequal terms and conditions of employment, and retaliation

Plaintiff fails to plausibly state claims for failure to promote, unequal terms and conditions of employment, and retaliation.

Plaintiff alleges failure to promote, unequal terms and conditions of employment, and retaliation by checking boxes in the form complaint without adding any supporting facts. (Compl. 4.) As to these claims, Plaintiff has failed to "assert nonconclusory factual matter sufficient to "'nudge[ ] [his] claims' . . . 'across the line from conceivable to plausible.'" *Port Auth. of N.Y. & N.J.*, 768 F.3d at 254 (first and third alterations in original) (quoting *Iqbal*, 556 U.S. at 680). Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's failure to promote, unequal terms and conditions of employment, and retaliation claims.

### iii. Defendant's asserted legitimate, nondiscriminatory basis for terminating Plaintiff is not properly addressed on a motion to dismiss

Defendant argues that it has a nondiscriminatory reason for its employment decision — that Plaintiff sought reinstatement under section 71 of the Civil Service Law, and that he was not qualified for reinstatement because he conceded during a medical exam that he could not

8

perform the duties of his former position with a reasonable accommodation. (Def.'s Mem.) In support, Defendant submits letters from Plaintiff's doctor stating that Plaintiff could "return to work on light duty" but was to "avoid any heavy lifting, pushing, pulling and/or strenuous activities," and from a doctor who examined Plaintiff, stating that "[Plaintiff] specifically told [the doctor] that he is not capable of performing the job of patient care technician." (Letters from Dr. Timur Hanan, Docket Entry No. 15-1; Letter from Dr. Gross; Docket Entry No. 15-2.) Defendant also argues that based on the doctors' letters, no reasonable accommodation would allow Plaintiff to perform his former job. (Def.'s Reply in Supp. of Def.'s Mot. ("Def.'s Reply") 8–9, Docket Entry No. 18.) Defendant does not explain why the Court should consider this information on a motion to dismiss but asserts generally that Defendant relies on the Complaint, documents attached to it, and "documents of which judicial notice may be taken." (Def.'s Mem. n.1.) In effect, Defendant asks the Court to take judicial notice of (1) the requirements of section 71 of the Civil Service Law, (2) the outcome of the application of that section to Plaintiff, and (3) the accuracy of that outcome.

In opposition, Plaintiff contests that he told the examining doctor any such thing and asserts that the doctor had informed him "that he was going to make a recommendation for a reasonable accommodation; but [Defendant's Personnel Review Board] told him not to."[5] (Pl.'s Opp'n 2.)

---

[5] Plaintiff notes that he received training in medical billing and coding during his period of medical leave, (Pl.'s Opp'n 3), which could be liberally construed as an assertion that he is qualified to perform a different position. "The ADA lists reassignment to an existing, vacant position as a possible reasonable accommodation, 42 U.S.C. § 12111(9)(B), but the ADA does not require creating a new position for a disabled employee." *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 187 (2d Cir. 2006). Accordingly, to the extent he argues that he should be hired into a newly created position, his argument lacks merit.

9

A court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" or commonly known within the court's jurisdiction. Fed. R. Evid. 201; *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70–71 (2d Cir. 1998). Examples of judicially noticeable sources include, *inter alia*, court opinions, public filings by and with federal agencies, and testimonies. *See, e.g.*, *Bristol v. Nassau Cnty.*, 685 F. App'x 26, 28 (2d Cir. 2017) (taking judicial notice of decisions in related state criminal proceedings); *Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006) (testimony); *Int'l Star Class Yacht Racing Ass'n*, 146 F.3d at 70–71 (court opinions); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (filings with the Securities and Exchange Commission). A court may take judicial notice of a document for the document's existence "but not for the truth of the matters asserted." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Glob. Network Commc'ns, Inc.*, 458 F.3d at 157 ("[A]lthough . . . [the] testimony may be public record[] of which a court may take judicial notice, 'it may do so . . . only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion.'" (quoting *Kramer*, 937 F.2d at 774)). A court may take judicial notice of administrative records to establish the fact of the proceedings and the outcome but not for the truth of the matters within them. *Colvin v. State Univ. Coll. at Farmingdale*, No. 13-CV-3595, 2014 WL 2863224, at *16 (E.D.N.Y. June 19, 2014) (citing *Kramer*, 937 F.2d at 774).

"[A] district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including . . . statutes." *Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020) (quoting *Kramer*, 937 F.2d at 774). Thus, the Court may take judicial notice of Section 71, which provides, in relevant part, that:

10

> Where an employee has been separated from the service by reason of a disability . . . he or she shall be entitled to a leave of absence for at least one year, unless his or her disability is of such a nature as to permanently incapacitate him or her for the performance of the duties of his or her position. . . . Such employee may, within one year after the termination of such disability, make application to the civil service department or municipal commission having jurisdiction over the position last held by such employee for a medical examination to be conducted by a medical officer selected for that purpose by such department or commission.  If, upon such medical examination, such medical officer shall certify that such person is physically and mentally fit to perform the duties of his or her former position, he or she shall be reinstated to his or her former position, if vacant, or to a vacancy in a similar position or a position in a lower grade in the same occupational field, or to a vacant position for which he or she was eligible for transfer.

N.Y. Civ. Serv. § 71 (McKinney); *see also Felix v. N.Y.C. Transit Auth.*, 324 F.3d 102, 104 (2d Cir. 2003) ("Civil Service Law [section] 71 . . . authorizes the termination of a civil service employee who has been unable to return to work for a year.").  Where undisputed, dismissal under section 71 "is a legitimate, nondiscriminatory basis for . . . termination." *Morris v. Town of Islip*, No. 12-CV-2984, 2014 WL 4700227, at *15 (E.D.N.Y. Sept. 22, 2014) (granting summary judgment for [the] defendant).

However, the Court cannot take judicial notice of Defendant's assertion that Plaintiff was properly terminated under section 71.  Although the Court may take judicial notice of the existence of the doctor's letter asserting that Plaintiff is unfit to return to work, it cannot do so for the truth of the matters asserted in the letter.  *See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (finding that court cannot rely on a document filed in another court "to establish facts asserted therein"); *Rosseter v. Annetts*, No. 10-CV-1097, 2012 WL 4486082, at *14 (N.D.N.Y. June 29, 2012) (taking judicial notice that medical records were filed, but "declin[ing] to consider these records . . . for the purpose of determining [the

11

defendants'] motion to dismiss), *report and recommendation adopted*, No. 10-CV-1097, 2012 WL 4482858 (N.D.N.Y. Sept. 27, 2012).

Further, Plaintiff argues that his termination under section 71 was a pretext for disability discrimination because he was fit to return to work with accommodations but Defendant pressured the doctor examining him into declaring him unfit to return. *See Vega*, 801 F.3d at 83. Plaintiff does not concede that he was properly dismissed under that section, and judicial notice of the truth of Defendant's claims is not appropriate. *Cf. Meyer v. William Floyd Union Free Sch. Dist.*, No. 07-CV-2524, 2008 WL 4415271, at *6 (E.D.N.Y. Sept. 24, 2008) (granting motion to dismiss ADA claim where "Plaintiff . . . [did] not respond whatsoever to [the] [d]efendants' argument that [d]efendants terminated Plaintiff pursuant to the Civil Service Law.").

### iv. Article 78 is not the exclusive remedy for Plaintiff's claim

Defendant argues that, to the extent Plaintiff challenges his discharge pursuant to section 71, his sole remedy is to file a proceeding in state court pursuant to Article 78 of the New York Civil Practice Law and Rules ("Article 78"). (Def.'s Mem. 8.)

Plaintiff argues that he is bringing an ADA claim, not an Article 78 claim. (Pl.'s Opp'n 2.)

An available Article 78 remedy does not supplant federal remedies under the ADA or require an ADA plaintiff to bring his claims in state court. *See Purcell v. N.Y. Inst. of Tech. - Coll. of Osteopathic Med.*, 931 F.3d 59, 64 (2d Cir. 2019) (reversing district court's grant of motion to dismiss in relevant part as to the plaintiff's ADA claims and holding that "an Article 78 Proceeding brought in New York state court" was not "the exclusive remedy for [the plaintiff's] alleged wrongs"); *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 252 n.5 (E.D.N.Y. 2014)

12

(distinguishing "case law limiting specific performance in the context of breach of contract claims," which generally restricted the plaintiffs to Article 78 proceedings, from suit seeking "reinstatement [a]s an equitable remedy designed to redress statutorily-proscribed discrimination").  "New York cannot 'nullify a *federal* right or cause of action [it] believe[s] is inconsistent with [its] local policies.'"  *Purcell*, 931 F.3d at 64 (alterations in original) (quoting *Haywood v. Drown*, 556 U.S. 729, 736 (2009))).  Therefore, because Plaintiff has chosen to bring his claims in federal court under the ADA, the Court may consider them under that statute.

### III.  Conclusion

For the reasons set forth above, the Court denies the motion to dismiss as to Plaintiff's ADA discrimination claim based on his termination and otherwise dismisses the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff at the address of record.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated:  September 25, 2020
       Brooklyn, New York

                                    SO ORDERED:

                                           s/ MKB
                                    MARGO K. BRODIE
                                    United States District Judge